IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Eric Lamont Kittrell, Jr.,**   Plaintiff, | )  )  ) |
| v. | ) **No. 1:23-cv-1059 (RDA/JFA)** |
| | ) |
| **Brown, *et al.*,**   Defendants. | )  )  ) |

MEMORANDUM OPINION AND ORDER

Eric Lamont Kittrell, Jr. ("Plaintiff" or "Kittrell"), a former Virginia inmate, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and alleges that, while he was detained at the Rappahannock Regional Jail ("RRJ"), his constitutional rights were violated when he was sprayed with pepper spray and then denied medical treatment. Dkt. No. 1. On August 28, 2023, Plaintiff filed a pleading that the Court construed as a motion to amend his complaint. Dkt. No. 5. The Court screened the motion on November 8, 2023, deemed it deficient, and denied his motion without prejudice. Dkt. No. 13. Plaintiff filed a second motion to amend on December 13, 2023. Dkt. No. 14.

On August 14, 2024, the Court granted Plaintiff's motion to amend, Dkt. No. 17, and he filed his Second Amended Complaint ("SAC") on October 30, 2024, Dkt. No. 22, which named Sgt. Walker and Cpl. Brown as defendants.[1] The SAC alleged the defendants had violated Plaintiff's Fourteenth Amendment rights by using excessive force against Plaintiff, a pre-trial detainee, on June 14, 2023, by deploying pepper spray when he refused to comply with an order

---

[1] After the August 14, 2024 order a duplicative civil action was inadvertently opened when the Clerk received a § 1983 complaint that did not included the docket number of this civil action, 1:23-cv-1059, and it was assigned a new docket number, 1:24-cv-1662. On October 7, 2024, the Court consolidated civil action 1:24-cv-1662 with the instant civil action, and a copy of the second amended complaint was placed on the docket of this civil action, Dkt. No. 22.

by Defendant Walker; even though pepper spray was not supposed to be deployed against Plaintiff because he has "chronic asthma." *Id.* at 4. Despite his requests, the defendants also refused to take Plaintiff to "medical." *Id.* at 5.

A Notice of Lawsuit and Request for Waiver of Service of Summons was mailed to each defendant. On November 12, 2024, the Notice sent to Cpl. Brown was returned as unaccepted with a letter stating that there was insufficient information for RRJ to determine for whom the Notice was intended and RRJ could not "accept lawsuits with ambiguous names when there are multiple employees with the same name." Dkt. No. 23. On November 29, 2024, Defendant Walker responded to the Notice, filed a waiver, and his counsel noted her appearance. Dkt. Nos. 25, 26. Defendant Walker filed a Motion to Dismiss on December 30, 2024, with a brief in support and a declaration. Dkt. Nos. 27, 28. On January 8, 2025, the Court advised Plaintiff, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that the motion to dismiss was being treated as a motion for summary judgment, and that Plaintiff was entitled to file a response opposing Defendant's motion for summary judgment, by filing counter-affidavits, statements, exhibits or other legal or factual material that supports his position in the case. Dkt. No. 31. Plaintiff has responded to Defendant Walker's motion for summary judgment. Dkt. Nos. 32-34, 36-37, 40-41. Defendant Walker filed a timely reply to Plaintiff's responses (Dkt. Nos. 32-34) on January 21, 2025, Dkt. No. 35, and filed a supplemental exhibit to Plaintiff's assertion, Dkt. No. 37, that Defendant Walker's response had left out his initial intake form on June 5, 2021, Dkt. No. 38. Plaintiff objected to the June 5, 2021 intake form. Dkt. Nos. 40-41. Defendant Walker's motion for summary judgment is ripe for disposition, and for the reasons stated herein, the motion will be denied without prejudice.

### I. "Cpl. Brown"

On November 12, 2024, the RRJ advised the Court that it had received the Notice of Lawsuit and Request for Waiver of Service of Summons directed to a "Cpl. Brown," but that there was insufficient information for RRJ to determine for whom the Notice was intended stating the RRJ was unable to identify which "Cpl. Brown" was referenced in the lawsuit, and RRJ returned the Notice. Dkt. No. 23. On January 8, 2025, the Court ordered Plaintiff, within thirty (30) days, "to provide a particularized and detailed description of the 'Cpl. Brown' to which he refers in his amended complaint in order for his amended complaint to be served." Dkt. No. 30. Despite having seven months, and being out of custody by at least April 26, 2025, Dkt. No. 42, *i.e.* for over three months of that seven-month period, Plaintiff has not responded to the January 8, 2025 order. In exercising its inherent authority to manage its docket, *see Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017), the Court will dismiss "Cpl. Brown," without prejudice, because Plaintiff has failed to comply with the January 8, 2025 order despite having more than sufficient time to provide the Court with additional information to identify "Cpl. Brown."

### II. Summary Judgment

Although filed as a motion to dismiss, Defendant Walker disputes facts in the SAC by referring to exhibits attached to his brief with respect to whether (1) Plaintiff "was seen by medical and cleared before being taken to the shower," Dkt. No. 28 at 2 n.2 (referring to Defendant Walker's Declaration, Dkt. No. 28-1); and (2) "pepper vapor was only used once," *id.* at 5 n.3. Consequently, when issuing the *Roseboro* Notice in this matter, the Court construed the motion to dismiss as a motion for summary judgment. Dkt. No. 31; *see Tuttle v. McHugh*, 457 F. App'x 234, 235 (4th Cir. 2011) (holding district court did not abuse its discretion in construing motion to dismiss as a motion for summary judgment because it provided sufficient notice to the parties and "if matters outside the pleadings 'are presented to and not excluded by the court' in conjunction

3

with a motion under Rule 12(b)(6), 'the motion must be treated as one for summary judgment under Rule 56'" (quoting Fed. R. Civ. P. 12(d))).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is readily apparent from the pleadings filed that there are significant material facts in dispute with regard to the excessive force claim as well as the claim that Plaintiff was denied medical attention.[2] The following are examples of some, but not all, of the disputed material facts.

- Plaintiff avers he was taken to administrative segregation at approximately 7:45 a.m., and he avers that once there, Defendant Walker came to his cell and stated that Plaintiff was now going to know "what hell really feels like," and that Defendant Walker had wanted to "O.C. spray [Plaintiff] since he 1st met," Plaintiff. Dkt. No. 32 at 2. Defendant Walker avers that he did not go to administrative segregation to see Plaintiff until approximately 9:00 a.m. because Plaintiff had used his mattress to cover the window and tray slot on the cell door. Dkt. 28-1 at 1-2.

- Plaintiff avers that Defendant Walker "knew" he could not use O.C. Spray on Plaintiff but told Plaintiff that he "would lie to say that he [had] contacted medical where he'd say that they'd say [Plaintiff] could be O.C. Sprayed so [Defendant Walker] could discharge the O.C. Spray anyway which he eventually used on [Plaintiff] multiple times anyway." Dkt. No. 32 at 2.

---

[2] The record of admissible evidence includes Defendant Walker's Declaration Dkt. No. 28-1, and Plaintiff's Declaration, Dkt. No. 32. *See Goodman v. Diggs*, 986 F.3d 493, 498-99 (4th Cir. 2021) (holding verified pleadings are the "equivalent of an affidavit"). Defendant Walker does not formally object to Plaintiff's Declaration, but argues it is not signed, it is inconsistent with the SAC, and is contrary to the incident reports. Dkt. No. 35. For purposes of the current motion for summary judgment, the Court considers the Declaration as sworn to even though Plaintiff printed his name and did not sign his name in cursive. Further, there are numerous documents submitted by each party that are not properly authenticated. *See B & J Enters. v. Giordano*, 329 F. App'x 411, 415 (4th Cir. 2009) ("In order to be considered on summary judgment, 'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).'" (quoting *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993) (quoting 10A Charles A. Wright et al., Federal Practice and Procedure § 2722, at 58-60 (1983 & Supp. 1993))). An affidavit must be sworn to and the affiant's signature should be in cursive. Further, an affidavit must be based upon the affiant's personal knowledge, and not hearsay. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (evidence submitted in opposition to summary judgment motion must be admissible and based on personal knowledge). Further, summary judgment affidavits cannot be conclusory, *Rohrbough v. Wyeth Labs., Inc.*, 916 F.2d 970, 975 (4th Cir. 1990), or based upon hearsay. *Maryland Highways Contractors Ass'n v. Maryland*, 933 F.2d 1246, 1252 (4th Cir.1991).

4

      Defendant Walker avers that he was "informed that Medical had been contacted, and Mr. Kittrell did not have any medical restrictions preventing the use of OC (Oleoresin-Capsicum), and other inmates housed in [that area] did not have any medical restrictions preventing the use of OC either." Dkt. 28-1 at 2.[3]

- Plaintiff avers that he "did not resist or threaten any inmates or officers in any fashion or break any prison rules. Rather, I let Sgt. Walker handcuff me and escort me to" administrative segregation. Dkt. No. 32 at 3.[4] Defendant Walker avers that Plaintiff was "threatening the safety of other inmates and interfering with the orderly operation of the facility" and had to be moved to administrative segregation "to prevent him from acting on his threats and to ensure the safety and security of the facility." Dkt. 28-1 at 1-2. Defendant Walker avers that Plaintiff initially resisted being handcuffed to be transported to administrative segregation and was institutionally charged with "making threats to other inmates." *Id.* at 2. Once in administrative segregation, Plaintiff covered his cell window and tray slot and refused orders from numerous officers to unblock his window and tray slot. Defendant Walker ordered Plaintiff several times to unblock the window and tray slot and Plaintiff "did not comply and stated he wanted to be OC Vapor sprayed." *Id.*

- Plaintiff states he was refused medical treatment after he had been OC Vapor sprayed in his cell. Dkt. No. 22. Defendant Walker avers that after being sprayed with OC, Lt. Jones ordered that Plaintiff be strip searched because he had been out of sight of officers for a "considerable amount of time. . . . Nurse Holdbrook arrived shortly after, and examined" Plaintiff, and "medically cleared" Plaintiff. Dkt. 28-1 at 3-4.

- Plaintiff states he was placed in a "steaming hot shower." Dkt. No. 22 at 5. Defendant Walkers avers that Plaintiff was escorted to a shower cell and given soap, a towel, and a clean jumpsuit, so he could decontaminate himself." Dkt. 28-1 at 4. Plaintiff was secured in the shower cell and Defendant Walker left that area. During the time he was gone, the cell Plaintiff had been in was cleaned and the mattress removed. When Defendant Walker returned, Plaintiff informed him he did not shower, refused to shower, and refused orders to place his hands through the shower cell door slot to be handcuffed. *Id.* at 4. Plaintiff alleges that when he was returned to his cell he was left "naked for about 2 ½ to 3 hours, and asked to be seen by medical." Dkt. No. 22 at 5. Defendant Walker avers

---

[3] If another officer informed Defendant Walker that Medical had been contacted, that would constitute hearsay, and Defendant Walker has not filed a sworn statement from the unknown officer, or proffered an exception to the rule against hearsay.

[4] There are also inconsistencies between Plaintiff's SAC and his Declaration. In the SAC, Plaintiff states that he did refuse an order from Defendant Walker before the OC Spray was deployed, after which he was on the floor "coughing and throwing up," that he could not get up, and that Defendant Walker deployed the OC Spray a second time while he was on the floor. Dkt. No. 22 at 4, 5.

5

       that after being threatened with OC Spray, Plaintiff put on his shorts and refused to put on a jump suit. Dkt. No. 28-1 at 4.

These are just a few of the disputes that impact any resolution of the excessive force claim or the denial of medical treatment. Further, the record references "Video Tape" on several of the unauthenticated incident reports submitted by Defendant Walker. Dkt. Nos. 35-1 at 2, 5; 35-2 at 2. In cases where there is a video of the conduct at issue, the Fourth Circuit has indicated that it may amount to an abuse of discretion for a district court *not* to review the video before determining the merits of a *pro se* inmate's claim. *See Shaw v. Foreman*, 59 F.4th 121, 129 (4th Cir. 2023) ("[I]t defies logic and common sense that summary judgment was appropriate when the video evidence . . . had yet to surface.").[5] The pending motion to dismiss, Dkt. No. 27, will be denied without prejudice and Defendant Walker will have the opportunity to file a motion for summary judgment or other dispositive motion, with a copy of the video; and if such a motion is filed, Plaintiff will have an opportunity to respond.[6]

Accordingly, it is hereby

**ORDERED** that "Cpl. Brown" is **DISMISSED WITHOUT PREJUDICE** for the reasons stated herein; and it is

**FURTHER ORDERED** that Defendant Walker's Motion to Dismiss, Dkt. No. 27, is **DENIED WITHOUT PREJUDICE**; and it is

---

[5] *See also Dilworth v. Adams*, 841 F.3d 246, 255-56 (4th Cir. 2016) ("In deciding whether summary judgment may be granted to the defendants under that objective standard, the district court should view the video of the July 5 incident and consider it along with other relevant evidence bearing on objective reasonableness."); *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006) (holding grant of summary judgment on excessive force claim premature where district court has not considered videotape evidence).

[6] If no video exists, Defendant Walker should notify the Court of that fact and explain the meaning of the checked reference to "Video Tape" on the documents submitted. A videotape must be properly authenticated, and verified that it has not been altered.

**FURTHER ORDERED** that Defendant Walker may file a motion for summary judgment or other dispositive motion within sixty (60) days of this order; or file a response that expressly declines to do so.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to Plaintiff and counsel of record for Defendants.

Entered this __7__ day of August, 2025.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge